NEW YORK,
May, 1812.

SPRAGUE
v.
SHED.

A *warrant* issued by a justice of the peace, was returned *cepi corpus*, and the plaintiff did not appear, but the justice gave judgment for the plaintiff, for the amount of a note given by the defendants, on which a request to enter judgment was endorsed, and which was delivered to the justice by a third person. It was held, that the plaintiff not appearing, nor any person in his behalf, it was a discontinuance of the suit, and the judgment, therefore, erroneous.

SPRAGUE AND ANOTHER *against* SHED.

IN error, on *certiorari*, from a justice's court.

*Shed* brought an action against *James* and *Adolphus Sprague*, on a promissory note, for 10 dollars, dated the 28th *September*, 1810. The suit was by *warrant*, which was returned, " *cepi corpus*, and the plaintiff notified." The justice stated that he understood by this return of the constable, that he had the defendants in custody. The plaintiff did not appear, nor any person in his behalf. The note was delivered to the justice by some person whose name was not mentioned. On the note was endorsed a request by the defendants to enter judgment against them. One of the defendants, *Adolphus*, appeared and objected to having judgment entered, and demanded a trial; but the justice refused, considering him precluded by the endorsement on the note, and gave judgment against both the defendants, being, as he said, satisfied, by comparing the hand-writing in the note, and the endorsement, that they were the same.

*Per Curiam.* This judgment cannot be supported; although it is probable justice has been done. The proceedings were contrary to the established rules of law applicable to justices' courts. The plaintiff not appearing himself, nor any person for him, was a discontinuance of his cause; and the justice had no authority to enter judgment. Although the case is not precisely within that of *Martin* v. *Moss*, (6 *Johns. Rep.* 126.) here being process issued against the defendants, still it comes within the principle of that case, because, by the default of the plaintiff, in not appearing, his cause was out of court, and, of course, no suit was pending. But admitting the plaintiff to have been in court, the justice should have required proof of the note or confession, and could not give judgment on a comparison of the hand-writing of the endorsement with the signatures of the note, especially as he had no evidence that the signatures to the note were in the hand-writing of the defendants.

Judgment reversed.