## ALEXANDER MARTIN *vs.* SAMUEL H. FALES.

The jurisdiction and power of Justices of the Peace, in civil actions, are derived exclusively from statute provisions.

Where a writ has been made returnable before a Justice of the Peace, and duly served, the Justice has no power to act upon it, or to continue and postpone the cause until another day, until the time arrives appointed in the writ.

And if the Justice, before whom the writ is made returnable, does not attend at the time and place of trial, or within a reasonable time after the designated hour, the suit fails, unless continued by some other Justice, under the provisions of *stat.* 1834, *c.* 101.

Whatever may be the effect of an order to continue a cause for trial when the Court is resisted, and prevented by force from attending at the time and place appointed, nothing less than actual resistance or danger can justify a Court of Justice in coming to the conclusion, that the administration of the laws is superseded, and that the course of justice must give way to lawless violence.

An appearance of a defendant at the time and place named without authority of law for an adjournment, under protest, and for the purpose of insisting that any further proceedings would be illegal, cannot revive the process, or be regarded as a waiver of errors.

THIS was a writ of error, to reverse a judgment of a Justice of the Peace.  The original action was brought by *Fales,* as ensign of a company in *Thomaston,* detailed under the provisions of the *stat.* 1837, *c.* 276, to discipline and train the *B* company of militia

in *Camden*, alleged to have had no officers for three months, against *Martin*, for neglect to perform militia duty at a company training. There were twenty-three other suits brought by *Fales* before the same Justice, at the same time and place, for alleged neglects or misconduct at the same training. The writs were made returnable before *James Cochran, Esq.*, at the house of *Daniel Howard*, in *Camden*, where the office of the Justice was alleged to be, on *June* 24, 1839. *Cochran* was a Justice of the Peace for the county, but did not reside within the town of *Camden*, and was not an inhabitant thereof. The twenty-four writs were returned to the Justice on the 18th of *June*, with a request that he would enter them for trial, and they were filed.

On the record returned by the Justice, after a list of the actions, the following entries appear.

" There being great excitement in *Camden* and vicinity in regard to said actions, and being so informed, and believing the information to be correct, that a powerful armed force of some one hundred strong, including the defendants, has been organized for the purpose of resisting the militia laws of the State, and to prevent, by force and violence, the holding of any Court on the twenty-fourth day of *June* instant to try said actions, I the said Justice, having been requested by citizens of the vicinity to do so, do postpone the trial of said actions to the eighth day of *July* next, at ten o'clock in the forenoon, in the belief, that before that time, some measures may be taken, that shall secure the parties a fair trial. And that this postponement shall operate no surprise or injustice to the parties, I have this day caused the following notices and proclamations to be posted up at the place of trial.

Attest,            JAMES COCHRAN, Justice of the Peace."

" All actions returnable before me in *Camden*, on the 24th instant, will stand postponed to the 8th day of *July* next, at ten o'clock in the forenoon. Parties and their witnesses will thereof take notice, and govern themselves accordingly.

" JAMES COCHRAN, Just. Peace.

·" *June* 22, 1839."

" And said notices remained posted up, at the place of trial, until *July* 8th.            JAMES COCHRAN, Just. Peace."

Martin v. Fales.

" *Waldo, ss. July* 8th, 1839. — 10 o'clock A. M. The parties appear by their respective counsel, and file the following agreement, to wit, That there may be a full and decisive opinion by the Supreme Judicial Court, on most of the points of objection made or to be made by the defendants, in the prosecutions for military fines of the members of the *B* company of infantry in *Camden* ; and in order to save costs, it is hereby agreed, that one of the defendants already served with process, whose case will present the chief points of objection, shall appear before *James Cochran, Esq.*, on the 8th day of *July* instant, and there protesting that he is not liable to answer, because no justice was present at the time and place of trial on the return day of the writ, and that no proper postponement was had ; and if overruled on this point, shall proceed to trial ; and it shall be the duty of the Justice to note and reduce to writing all legal points of objection made, and state fully, in writing, the testimony, and sign the same, or receive the written objections of the defendants' counsel, and sign the same." The agreement was dated *July* 1, 1839, and further provided for the decision before the Supreme Court, and the disposition of the several actions, and was signed by the counsel of *Fales,* and of the defendants in the twenty-four actions. *Martin's* case was selected for trial.

On the eighth day of *July, Martin* appeared, and denied all power, on the part of the Justice, to take further cognizance, or have further jurisdiction over the action, and protested against all farther proceedings therein, and moved, in writing, that the same may be stayed, for the following reasons, being the same afterwards assigned as the first four causes of error.

1. Because said action was not entered by the plaintiff at the time and place at which his writ was returnable.

2. Because the Justice, before whom said writ was returnable, on the 24th of *June,* neglected to appear at the time and place of trial, and open his Court, and organize the same.

3. Because said action was not continued according to the provisions of the *statute,* passed *February* 15, 1834, *c.* 101.

4. Because said defendant had no legal notice of the continuance of said action.

The plaintiff opposed the motion, and offered to prove by numerous witnesses, that from the ,day of the service of the writs to the 26th of *June,* there had existed so much excitement and open hostility, in regard to said militia suits, in *Camden,* where said actions were returnable, that a Court, to try the actions, could not have been held on the 24th of *June,* with safety to the plaintiff,. his witnesses, and the magistrate. The introduction of this evidence was opposed by the defendant. The record states : — " I excluded and rejected the same, and the propriety of the postponement being, in my opinion, a question addressed to my judgment alone, at the time the same was made as stated in the foregoing copy from my records, and the. entry of the actions on my docket, and the postponement before the day of trial named in the writs, when by me deemed proper, being in accordance with the long practice of my Court, and, as I believe, in accordance with the usage and practice of most other Justice Courts in this section, I also overruled the defendant's motion."

Other motions to dismiss the action, for other causes, were made by the defendant, and overruled, and many objections were made during the trial, all of which were overruled, and judgment was rendered against the defendant.

Seventeen causes of error were assigned, and were argued by the counsel ; but as the judgment was reversed without considering any excepting the first four, the facts and arguments pertinent to the last thirteen causes of error, are not given.

*W. H. Codman,* for *Martin.*

1. A Justice of the Peace has no jurisdiction in civil actions, unless it is given by statute. As it respects this case, the power of the Justice depends entirely on the *stat.* 1821, *c.* 76. As the plaintiff did not attend Court and enter his action on the return day of the writ, it was a failure to prosecute his action, and the suit is at an end. Same *stat.* § 8.

2. The neglect of the Justice to appear at the time and place appointed and open his court, on the return of the writ, takes away all power of the Justice to do it afterwards. *Statute* before cited ; *Howe's Prac.* 198. The Justice has no right to enter an action before the time of trial. The parties may settle the action and it may never go before him.

3. The act of the Justice in continuing the action on the 22d of *June*, two days before the time of trial, was entirely void. Prior to the *statute* of 1834, *c.* 101, there was an entire failure of a Justice Court, if the Justice before whom the writ was returnable, was not present at the time and place appointed in the writ. The Justice has no right to fix upon a different time and place for trial, by proclamation, from that stated in the writ. That statute enables another Justice to appear at that time and place and continue the action. If the Justice selected, had too weak nerves to venture within the town of *Camden* and open his Court, any other Justice within the county would have gone there and have continued it to the eighth of *July*.

4. The defendant was not bound to look about the room for notices. If there was no Justice, he might well suppose there was no Court. Had he seen the paper, it would have been but notice of an illegal and void act, of which the defendant was in no way under the necessity of taking notice.

*J. Holmes* and *H. C. Lowell*, for *Fales*, contended, that when the writs were served and returned to the Justice, he had jurisdiction of the actions, might enter the same at the request of the counsel for the plaintiff, and that having jurisdiction, the after proceedings in the adjournment of the time, was but the exercise of a sound legal discretion. This may be done as well before the time fixed in the writ for holding the Court, as at that time.

But if there can be doubt about the right in ordinary cases, the extraordinary circumstances attending this case justify the course adopted by the Justice. The defendant, in the original action, was himself one of the armed force organized to resist the laws, and prevent the trial. He cannot take advantage of his own wrong, and set the laws at defiance with impunity. Besides, his appearance and going to trial, on the eighth day of *July*, cures all previous irregularity, if any existed. The Court has the power to protect itself, and to do justice, notwithstanding the forcible resistance of a party and his adherents.

The *statute* of 1834, *c.* 101, has no relation to a case like this. The same difficulty would exist in going there to adjourn the Court, as in going there to hold it.

The opinion of the Court was by

SHEPLEY J. — The jurisdiction and powers of *Justices* of the
Peace, are derived from statute provisions. The statute author-
izing them to hear and decide certain civil actions, *c.* 76 § 8, as
well as that prescribing the form of writs, provides, that a certain
time and place shall be set for the trial ; and, by necessary implica-
tion, that the Justice and parties shall then and there appear for
that purpose; for it prescribes the duty of the Justice, in case the
parties do not appear, and determines the consequences which are
to follow their neglect so to do. If the plaintiff shall fail to prose-
cute his suit, the Justice is to award to the party sued his costs.
And if the defendant neglects to appear, the charge in the declara-
tion is to be taken to be true, and the Justice is to give judgment
against him. The Justice is not authorized to perform any other
duty in the case, than to grant the writ and issue subpœnas, at a
different time from that set for the trial, either originally or by ad-
journment. Although the form of the writ requires the officer to
return it to the Justice on or before the day of trial, that does not
give him the right to do more than preserve his writ until the time
arrives, when the law empowers him to act upon it. And if the
Justice does not attend at the time and place of trial, or within a
reasonable time after the designated hour, the suit fails, except in
those cases provided for in the *statute* 1834, *c.* 101. And so the
legislative department understood the law, when it made provision
by that statute, that, in case of the Justice's inability to attend, an-
other Justice might continue the cause. In the case of *McCarty*
v. *McPherson,* 11 *Johns. R.* 407, it was decided, that the failure
of the Justice to appear within a reasonable time after the ap-
pointed hour, amounted to a discontinuance of the suit.

The phrase, "fail to prosecute," as used in the statute, points
out the effect of an omission to appear for the plaintiff; and it is
made the duty of the Justice, in such a case, to regard the suit as
discontinued, or no longer to be prosecuted, and to award costs to
the other party. In *Sprague v. Shed,* 9 *Johns. R.* 140, it was
decided, that the omission of the plaintiff or any one for him to
appear, was a discontinuance of his cause, and that the Justice had
no authority to enter judgment for him. The statutes in that State

and in this are not alike, but decisions upon the effect of a neglect to comply with the provisions of law are still applicable.

It does not appear from the record in this case, that the Justice, or the plaintiff, or any one for him, appeared at the time and place of trial; and there was a failure to prosecute the suit, which put an end to all further legal proceedings, unless the extraordinary circumstances, detailed in the record, authorize a different conclusion.

It is contended, that there was an incidental or inherent power in the court to protect itself from insult and danger, in circumstances not contemplated by the law; and that it might adopt the necessary measures to provide against apprehended danger, and continue the cause for trial to a time when the danger would no longer exist. What may be the effect of an order to continue a cause, when the Court is resisted, and by force prevented from attending at the time and place appointed, it is not now necessary to decide. Nothing less than actual resistance or danger, can justify a Court of justice in coming to a conclusion, that the administration of the laws is superseded, and that the course of justice must give way to lawless violence. It were better, if need be, that personal suffering should be endured by the members of a Court, than that the administration of the law should be yielded to an apprehension of danger, not then apparent, and that an undefined and discretionary power, suited, in his judgment, to the occasion, should be exercised by the magistrate, while he omitted to be governed by the rules prescribed by law.

The appearance of the defendant at the time named for an adjournment, cannot revive the process; nor can it be regarded as a waiver of errors; for he appeared under protest, and for the purpose of insisting, that any further proceeding would be illegal.

However desirable to support the proceedings to prevent any one from deriving an advantage by causing excitement, and producing alarm and the apprehension of danger, the Court must regard such an evil as less than any attempt, on its own part, to bend the law to circumstances, affording, at the same time, a precedent for the exercise of power not granted.

It becomes unnecessary to examine the other errors assigned.

*Judgment reversed.*