### PERRIN vs. WILSON and WIFE.

1. The law presumes that a minor is supplied by its parent with necessaries, so long as the minor continues to live with its parent.

2. A minor cannot become liable for *necessaries* so long as it is supplied with *necessaries* by its parent.

3. Articles of dress and ornament, although such as are generally worn by minors of like condition, are not necessarily *necessaries*.

4. If articles be furnished to a minor while it continues to live with its parent, by a tradesman, it is at his peril—he must shew that they are necessaries, or neither the minor nor parent will be liable.

### ERROR to the St. Louis Court of Common Pleas.

LESLIE, *for Plaintiff, insists:*

1. The husband, Lewis J. Wilson, is liable for the debts of his wife, which existed before marriage. A husband's liability for the debts of his wife is an incident to the principal contract, and as such, he cannot avoid answering for the debts of the wife.

2. Was the wife, before and at the time of the marriage, liable for the debt? We think she was. The position assumed before the court below, was, that the wife being an infant at the time of contracting the debt, and the debt having been contracted for necessaries furnished, the father alone was responsible.

3. But if the father might have been made liable, it does not follow that the daughter was not.

CALLAHAN, *for Defendant, insists:*

The Court of Common Pleas did not err in overruling the motion for a new trial.

1. Because there was no adequate reason to disturb the verdict. The defendant in error, Wil-

son, was not under any legal liability to the plaintiff in error, Perrin. The *femme* was *sole* and, an infant, under her father's care and protection, when the tinsel, millinery or goods were furnished to her, and their gaudy and costly character, as revealed in the account itself, tends to repel the conclusion that they were necessaries. 3 C. & P., 114, Cook vs. Denton, and 2 W. Black. 1325, Bainbridge vs. Pickering. The law will not raise an *implied promise* on the facts of the case, and no *express one* was attempted to be shown. Lord Ellenborough, C. J. in Atkins, *et al.* vs. Banwell, *et al.*; 2 East., 505.

2. Because the writ was not served on the wife; and such omission is fatal in a cause of this particular description; Tidd's Prac., 9, and 1 Chit. Pl. 67, 68; notwithstanding the 20th and 21st sections of the 3rd article of our statute, "Practice at Law," and the 1st, 2nd, 3rd and 4th sections of the act entitled "Contracts and Promises."

3. Besides, the court was not asked to give any instruction, to decide any point of law; and it gave none; it decided none. It is the verdict alone which is complained of; and in the language of the 7th Mo. R., 244, "a new trial would be little else than an appeal from one jury to another." This court has repeatedly decided that in such case the judgment will not be reversed. VonPhul vs. the City of St. Louis, 9 Mo. R., 49; Fugate & Kelly vs. Muir, ib. 355; McEvoy, use, &c. vs. Lane & McCabe, ib 48; Young vs. Kelly, ib. 50; Vaughn vs. the Bank of Missouri, garnishee, &c. ib. 379; Kilgore vs. Bouic, assignee, &c., ib. 291; Little, *et al.* vs. Nelson, 8 Mo. R. 709; Taylor vs. Russell, 8 Mo. R. 701.

4. And farther, the record does not show that all the evidence given is preserved in the bill of exceptions, while there is nothing in the proceedings to authorize the inference that there was none other; and for this reason, the verdict ought to stand. 5 Mo. R., 51, 110.

Scott, J., *delivered the opinion of the Court.*

This was an action for goods sold, begun in a justice's court, and was taken to the Court of Common Pleas, where, on a trial, the defendants obtained a judgment.

The wife of the defendant was a minor in St. Louis, under the care of her father, who was a resident of Louisiana. The articles furnished were dresses, millinery, &c., and were not unsuited to the condition in life of the minor. The father refused to pay the account, and Wilson afterwards intermarrying with the minor, this suit was brought against them jointly.

There is no doubt that a husband is liable for the debts due by the wife before coverture; and there is as little that a father is responsible for necessaries furnished to his infant child, and that the infant itself may be liable. But this principle is subject to some important qualifications, founded as well on a regard for the rights of the father, as on policy and sound wisdom. It would be monstrous that a milliner, artist, grocer or merchant, under pretence of furnishing an infant with necessaries, should step in between the parent and his child and say what is and what is not necessary for it. The father deems an article unnecessary and refuses to supply it to his child: shall another say that it is necessary and that it shall be furnished? In the case of Bainbridge vs. Pickering, 2 W. Black,

1325, it was said by Gould, that if an infant lives with her parent, who provides such apparel as appears to the parent to be proper, so that the child is not left destitute of clothes, or other real necessaries of life, I apprehend that the child cannot bind herself to a stranger even for what might otherwise be allowed as necessaries; for no man shall take upon him to dictate to a parent what clothing the child shall wear, at what time they shall be purchased, or of whom—all that must be left to the discretion of the father or mother. As there is not here any pretence but that the child was decently provided for by the mother, I think we should give no countenance to such persons as inveigle young women into extravagance, under the pretence of furnishing them with necessaries, without the previous consent of the parent.

The father is bound to support his children, while they remain a part of his family. Perhaps if he fail to furnish them with clothes and goods necessary for the support of life, or if he cruelly and carelessly turn them out of doors, any one who, under such circumstances, would furnish such necessaries, may maintain an action against the father, upon the presumption of an assent on his part. The intendment of law is, that a child lives with its father, and that he performs his duty to his children. Walling vs. Toll, 9 John. 140. The tradesman who credits an infant, does it at his peril. He must show affirmatively that the provisions furnished were necessary, and if he give no proof, the verdict must be for the defendant. Story on Con., 40. The term "necessaries" implies that they were furnished under such circumstances as rendered the parent or infant liable. It is not enough to show that they were such things as children in like condition in life are usually supplied with, but it must appear that they were furnished under such a state of circumstances as created an obligation on the parent or infant to pay for them. If, while a child is under the care of a parent, it could subject either itself or its parent to the payment of accounts for articles deemed necessaries by an interested tradesman, the control over their children, intrusted by law to parents, and which is so necessary to their own welfare, would be greatly impaired. In this case, there is not only no evidence that the father did not furnish the defendant's wife with necessaries, but it appears affirmatively that she was under his care; and being under his care, the presumption is, that she was furnished by him; and under such circumstances, she could not have made herself liable; so long as the parent continues to maintain and support his child, the child cannot become liable for necessaries. Angel vs. McLellan, 16 Mass., 31.

The other Judges concurring, the judgment below will be affirmed.