† CALL *versus* MITCHELL.

Actions before a justice of the peace, may be *once* continued for a term not exceeding *thirty days*, by another justice, on account of his absence at the time fixed for trial. A second continuance for the same cause, or a trial therein by *another justice*, after thirty days from the return day, is illegal, and a judgment rendered thereafter is invalid.

Jurisdiction of magistrates cannot be conferred by assent of parties. It is merely a statute regulation.

Although the trial of an action before a magistrate is a nullity for want of jurisdiction, and on appeal the action is dismissed, the prevailing party is still entitled to his costs.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding. This was an appeal from the judgment of a justice of the peace. The writ was returnable before one Bailey on Feb. 21, 1853.

On the return day, the justice being necessarily absent, the action was continued by Cyrus Cotter, Esq., another justice of the same county, to March 19, following.

When the time of adjournment had expired, Bailey being still necessarily absent, Cotter entered the action to be tried before himself, and continued the same to April 9, 1853, when the parties appeared, the general issue was pleaded and joined, a trial had, and judgment rendered for the defendant. The plaintiff appealed and entered into recognizance with sureties to prosecute his appeal.

The defendant filed a written motion to dismiss the action for want of jurisdiction of the justice to try the action, and render the judgment appealed from.

That motion was granted, and the Judge also ruled that defendant was entitled to costs.

*Hubbard*, in support of the exceptions, relied upon a waiver by the defendant, by pleading the general issue; and that here was subsequent assent, by which jurisdiction was restored. 1 Cow. 245; 7 Wend. 202.

*Ingalls* and *Stinson, contra,* that the justice had no jurisdiction, cited *Spencer* v. *Perry,* 17 Maine, 413; as to costs, *Turner* v. *Putnam,* 31 Maine, 557; *Cary* v. *Daniels,* 5

Met. 236; *Jordan* v. *Dennis,* 7 Met. 590; *Hunt* v. *Inhabitants of Hanover,* 8 Met. 343.

TENNEY, J. — This action was brought, to be tried by Elias Bailey, a justice of the peace, on Feb. 21, 1853. On the return day of the writ, the justice was necessarily absent, and Cyrus Cotter, another justice of the peace for the same county, continued the action to March 19, 1853, at which time justice Bailey was again necessarily absent, and justice Cotter being otherwise engaged, continued the action to April 9, 1853. On the day last named the parties appeared, and the general issue was pleaded and joined, and upon a hearing, judgment was rendered for the defendant that he was not guilty and for his costs; from which an appeal was taken by the plaintiff, and brought into this Court.

If a justice of the peace, by reason of sickness or any unforeseen cause, is unable to attend at the time and place by him appointed for holding a court, any other justice in the county, &c., may continue such cause once, not exceeding thirty days, &c., and in case the disability of the justice, to whom the writ was returnable, is not removed at the expiration of the time of adjournment, such action may be entered before, and tried by any justice of the peace of the same county at the time and place to which it was adjourned. R. S., c. 116, § 14.

The justice who tried the cause, had twice continued it, and the hearing was more than thirty days after the return day of the writ. The justice had no jurisdiction when he entered the action, and heard the parties. *Spencer* v. *Perry,* 17 Maine, 413.

It is however insisted by the plaintiff, that the defendant having pleaded the general issue, and upon a hearing having obtained a judgment in his favor, has waived all defects and irregularities in the proceedings. R. S., c. 116, § 30, has provided, that in all cases, except those mentioned in the first section, the defendant shall plead the general issue, and need not file any brief statement. By doing what the stat-

ute required, the defendant has lost none of his rights. But an express waiver of all objection to the jurisdiction of the justice, or consent that he should exercise it, does not confer jurisdiction, when none existed by law. *Williams* v. *Burrill*, 23 Maine, 144.

After the appeal was entered in this Court, it was proper for the defendant to appear and present his rights and have them protected, notwithstanding the trial was a nullity. Without the irregularities being brought to the attention of the Court, the defendant might be defaulted, and judgment be entered against him. The authorities referred to by him, are decisive upon this question. The dismissal of the action was a termination of proceedings thereon. The defendant was the prevailing party, and is entitled to his costs in this Court.                *Exceptions overruled. Judgment in favor of the defendant, for costs.*