## DANIEL FRAZIER *vs.* WILLIAM GRIFFIE.

It is error for a court to withhold evidence from the jury, when, by so doing, the court would be deciding the very fact in issue presented by the pleadings, as this would be usurping the functions of the jury.

There is no analogy between the *terms* of the magistrates' courts, under the act of 1835, ch. 201, and the terms of the county courts.

The magistrates' courts have no authority to strike out a judgment rendered at a previous meeting on the first day of their next meeting, by acting as of the *preceding term*.

APPEAL from the Circuit Court for Carroll county.

*Trespass quare clausum fregit*, by the appellee against the appellant, for breaking and entering the plaintiff's close and taking therefrom his horse.

The pleas were *non cul.* and justification, under a *fi. fa.* sued out by the defendant and issued on the 11th of May 1850, upon a judgment of the district court of the 5th election district of Carroll county, rendered on the 25th of January 1850, in favor of the defendant against the plaintiff for $1.89

debt, and $50.79 costs, which writ was duly issued to the sheriff of said county, who, in virtue thereof, took and sold the horse of the plaintiff to satisfy the judgment aforesaid. The plaintiff joined issue upon the plea of *non cul.*, and *replied* to the plea of justification that there was no such judgment as the defendant in his plea of justification had alleged. The defendant *rejoined*, that there was, on the 11th of May 1850, the day of issuing said writ of *fi. fa.*, a judgment rendered by said district court, on the 25th of January 1850, in full force, unreversed and unpaid, as stated and set forth in the plea of justification. Upon this rejoinder issue was joined.

*Exception.* The plaintiff proved that defendant entered upon his farm, and by his agent, the sheriff of the county, took the horse mentioned in the declaration from the plaintiff's possession.

The defendant then to prove the judgment mentioned in the pleadings, offered in evidence the docket entries of the district court of the 5th election district for Carroll county, showing that a judgment was rendered, on the 25th of January 1850, by Dorsey and Hewit, two of the justices of said court, in favor of the defendant against the plaintiff for $1.89 debt, and $50.79 costs; and that on the 22nd of February 1850, this judgment was stricken out by Manro and Hewit, two of the justices of said court, and a judgment entered in favor of the plaintiff for costs. He then further proved by said Dorsey and Manro, and other witnesses, that the case of *Griffie against Frazier* was tried at the December term 1849 of said district court and held over under a *curia* until the January term 1850, and on the 25th of that month the entry of judgment in favor of defendant by Dorsey and Hewit, contrary to the opinion of Manro, the other justice, was made; that when the court met again, on the 22nd of February, Hewit, having been convinced that he had made a mistake as to a matter of law in the judgment he had previously given, in concurrence with Manro, struck out the former judgment and gave the new judgment as of the January term of said court, and after this was done, they formally adjourned the January term and opened the February term of said court. This last entry of

the judgment was made against the opinion of Dorsey, who did not consider that the court had any right to do so and refused to participate therein. That in regard to the adjournment of said court, the practice had been when their business was over to separate without saying any thing, or according to one of the witnesses, sometimes one of the judges would say, "We will now adjourn to our next meeting day."

The defendant then proved by Webb, that he was the sheriff of Carroll county in May 1850, and as such, sold the horse of the plaintiff in dispute; and further offered in evidence a *fi. fa.* issued by Dorsey, one of the justices of the said district court, on the judgment of the 25th of January 1850. This writ was issued on the 11th of May 1850 and is in the usual form, reciting the judgment of the 25th of January preceding. The defendant then further offered to prove by said Webb, that it was in virtue of this writ of *fi. fa.* that he seized and sold the horse in dispute; but the plaintiff objected to the admissibility of said writ and of the evidence of Webb in relation thereto, which objection the court, (NELSON, J.,) sustained, upon the ground that on the day of issuing said writ by said Dorsey, there was no judgment of the 25th of January 1850 in existence, and that the *fi. fa.* having been issued on such supposed judgment, was void and not admissible to prove the defendant's plea, and refused to permit the evidence of Webb and the writ of *fi. fa.* to go to the jury. To this ruling the defendant excepted, and the verdict and judgment being against him for the sum of $160 damages and costs, he appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*Joseph M. Palmer* for the appellant, argued:

1st. The question as to the actual existence of a judgment unreversed and in force, of a court of inferior jurisdiction not of record, is always a question for the jury and not to be tried by the court by inspection, and particularly where the pleadings close to the country, as in this case. 1 *Chitty's Pl.*, 600. 3 *Phillips on Ev.*, by *Cowen*, note 711. 17 *Johns.*, 272,

*Baldwin vs. Hale.* 5 *East.*, 473, *Collins vs. Mathew.* 1 *Douglas*, 1, *Walker vs. Witter.* 28 *Eng. C. L. Rep.*, 314, *Thompson vs. Blackhurst* 10 *Eng. C. L. Rep.*, 424, *Plummer vs. Woodburne.*

2nd. The only questions of fact submitted to the jury in this case under the pleadings were, whether the judgment rendered by the district court, on the 25th of January 1850, was in full force when the writ of *fi. fa.* in question was issued, and whether the horse was seized and sold by the sheriff by virtue of this writ; therefore it is insisted, that the court below erred in rejecting the writ and the evidence of Webb, the same being both relevant and pertinent, and tending to prove the issues in the case. Whether the judgment was in existence was the issue to be proved, and surely we could show that the striking out of that judgment was not done by proper authority.

3rd. The court below erred in deciding that the writ of *fi. fa.* and the evidence of Webb, as offered to the jury, was inadmissible, because in rejecting said evidence, the court assumed to decide the questions of fact then pending before the jury under the pleadings in the case, and such assumption of power was an encroachment upon the province of the jury. 6 *G. & J.*, 63, *Crawford vs. Berry.* 4 *H. & J.*, 516, *Burt vs. Gwinn.* 2 *H. & G.*, 181, *Offutt vs. Offutt.* 1 *H. & G.*, 321, *McElderry vs. Flannagan.* 1 *G. & J.*, 1, *Pawson vs. Donnell.* 7 *G. & J.*, 20, *Cole vs. Hebb. Evans' Pr.*, 302.

*William P. Maulsby* for the appellee, argued:

1st. That the court was right in refusing to admit the *fi. fa.* in evidence, because it purported on its face to have been issued on a judgment which the defendant had shown by his *own evidence* had been *struck out,* and was not in existence at the time the *fi. fa.* bore date. The defendant himself offered in evidence the *docket entries* of the district court, which clearly showed that the judgment upon which he relied was stricken out at the time the *fi. fa.* issued. This is the defendant's *own proof* and he cannot *contradict it.* The issue is, whether the judgment was in existence on the 11th of May,

when the *fi. fa.* issued, not whether it had been *correctly* stricken out or not.

2nd. No question arises as to the power of the district court to strike out the judgment of the 25th of January and enter the revised judgment of the 22nd of February, the evidence having been offered by defendant and not controverted by the plaintiff. But if the question were presented, the appellee would maintain the power and right of the court under the act of 1835, ch. 201, which provides, that the district courts shall have *monthly terms.*

3rd. The court below decided no question of fact and took from the jury no question of fact. It was obliged to decide upon the admissibility of the evidence under the circumstances as they existed. The defendant had pleaded justification under a *fi. fa.* upon a judgment set out in his plea. He had offered the evidence that there was *no such judgment,* and then proposed to follow up his proof of the *non-existence* of the judgment relied on in his plea, by proof that there was a *fi. fa.* issued upon a judgment which he had just shown to have no existence. It was clearly a question of admissibility of evidence and therefore for the court. That the *fi. fa.* was void if there was no judgment on which it was based, was a question of law and not of fact. Whether there was any proof tending to show the existence of the judgment pleaded by defendant, was a question of law. And how can it be said that there was such proof, when the defendant did not content himself with failing to produce it, but did produce the conclusive evidence of the contrary? 5 *H. & J.*, 32, *Mercer vs. Walmsley.* 7 *H. & J.*, 294, *Riggin vs. Patapsco Ins. Co.*

MASON, J., delivered the opinion of this court.

The issue presented by the pleadings in this case was, whether the judgment upon which the *fi. fa.* issued, and under which the alleged trespass was committed, was in full force and unreversed at the time of the issuing of the *fi. fa.* ? In withholding the evidence from the jury, which constitutes the ground of this appeal, the court below assumed to decide the very fact in issue, and determined that there was no valid

judgment in existence. This was an usurpation of the functions of the jury and was therefore erroneous. *Mitchell vs. Williamson,* 9 *Gill,* 71.

Although the question as to the regularity of the proceeding of the two justices in striking out the judgment previously rendered, strictly speaking, may not be presented on this appeal, yet as the question may hereafter arise in another aspect of the case, this court feel warranted in saying, that from the circumstances as disclosed by the evidence in this record, they can discover no authority in law for such a proceeding. The analogy which is supposed to exist between the terms, so called, of the magistrates' courts and the terms of the county courts, this court cannot discover from any thing contained in the act of 1835, ch. 201, by which these courts were created; but on the contrary, such a theory seems rather to be negatived by that act.

*Judgment reversed and procedendo awarded.*