HENRY McCollum and another v. John McClave.

Judgment having been rendered in the plaintiffs' favor in the Marine Court, upon the default of the defendant, it was opened, and the cause was ordered to be placed on the calendar for 20th February. It was, instead, placed thereon on the 23d, and, the defendant not appearing on that day, an order was made that the judgment before taken should stand, with costs. *Held*, irregular,

McCollum v. McClave.

1. There being no adjournment from the 20th to the 23d, the court lost jurisdiction of the cause.
? The judgment having been absolutely set aside, could not be revived. The justice should have heard the proofs of the plaintiff, and rendered judgment thereon.

APPEAL from a judgment of the Marine Court. On the return day of the summons in this action, the defendant failed to appear, and an inquest was taken and judgment was rendered thereon. On the defendant's motion, this judgment was afterwards set aside, and the cause was set down for trial for the 20th of February. The cause was not put on the calendar for that day, but was placed on the calendar on the 23d of February. On that day the defendant failed to appear, and the plaintiffs' attorney assuring the court that the cause was properly upon the calendar, the following order was made:

" This cause having been tried on the 12th day of February, 1855, and a judgment rendered therein for $161.17, the defendant moved to have the default opened, and be permitted to defend, which was accordingly done, and defendant answered, and the cause was put on the calendar; no one appearing for defendant, ordered, that judgment stand as before taken, with $12.00 allowance, and $5.00 costs and disbursements."

From the judgment entered on this order the defendant appealed.

*S. B. Noble*, for the appellants, contended that the court lost jurisdiction by the failure to have the cause adjourned regularly from the 20th to the 23d of February, and quoted, in support of the position, *Wight* v. *McClave*, 3 E. D. Smith's R. 316.

*McCunn and Moncrief*, for the respondent.

BRADY, J.—An inquest having been taken in this action in the Marine Court, whether properly or not, it was, on the defendant's application, set aside, and the cause ordered to be placed on the calendar for 20th February, 1856. It was not placed on the calendar on that day, and on the 23d February,

1856, from assurances of the plaintiffs' counsel that the cause, then on the calendar, was properly there, and the defendant not appearing, the justice, by order, without proof, directed that the judgment before taken, and which was set aside, should stand, with $12 costs. The judgment must be reversed for two reasons, one of which is, that there was no adjournment from the 20th to the 23d February, and the justice lost jurisdiction; the other, that if the adjournment had been regular, the justice had no power to render judgment in the manner adopted. He should have heard the proofs and allegations of the plaintiff. When a judgment is set aside absolutely in any court, whether of record or limited jurisdiction, and the cause is thereafter continued, the plaintiff must prove his case in the usual way. A judgment once vacated is always vacated, and the defendant stands in reference thereto as if no action had been prosecuted against him.

Judgment reversed.

