State *v.* Hall.

———————◆———————

STATE *versus* CHANDLER HALL.

The jurisdiction of justices of the peace depends upon provisions of statute, and cannot be enlarged by presumption or implication.

Under the Revised Statutes of 1841, a justice of the peace, having, on the return day, defaulted an action brought before him, had no authority, on the next day, to take off the default, there having been no continuance of the action.

An indictment for perjury cannot be sustained for false testimony given on the subsequent trial of such case.

On the trial of such indictment, it appearing by the record of the justice that the action was defaulted by him on the return day, and that he took off the default within twenty-four hours thereafter, for good cause, parol evidence is admissible to show that in fact the default was taken off on the day after the return day.

ON EXCEPTIONS to the rulings of APPLETON, J.

INDICTMENT for perjury, alleged to have been committed at a trial before a justice of the peace. The case is stated in the opinion.

*Folsom,* for the respondent.

*Snell, County Attorney,* (with whom was *Drummond, Attorney General,*) for the State.

The opinion of the Court was drawn up by

RICE, J.—The jurisdiction of justices of the peace de-

pends wholly upon the provisions of the statute, and cannot be enlarged by presumption nor implication. *State* v. *Hartwell*, 35 Maine, 129 ; *Hersom's case*, 39 Maine, 476 ; *Lane* v. *Crosby*, 42 Maine, 327.

The records of justices of the peace as to matters within their jurisdiction, are entitled to the same credit as are the records of higher judicial tribunals. *Paul* v. *Hussey*, 35 Maine, 97.

The defendant in this case is charged with having committed the crime of perjury in the trial of an action in which he was plaintiff and one Levi Leighton defendant. That action was returnable before a magistrate, on the 26th day of July, 1856. The record of the magistrate was amended by leave of Court, so as to show that said action was defaulted by him on the said 26th day of July, 1856 ; and within twenty-four secular hours thereafter said default was taken off by him, for good cause shown by said Leighton.

The defendant offered to show, by parol proof, that, as matter of fact, the default was entered on Saturday and not taken off until the Monday next succeeding, when it was taken off against his objection, and without his consent. The record does not show any continuance of the action from Saturday to Monday. This proof would not have contradicted or varied the record, and was, therefore, not inadmissible on that ground. *Allen* v. *Portland Stage Co.*, 8 Maine, 207.

If admitted, would this proof have disclosed any want of jurisdiction in the justice who tried the cause, after the default had been taken off?

Section 7 of c. 116 of R. S. of 1841, provides that, if any person, duly served with process, shall not appear and answer thereto, his default shall be recorded, and the charge in the declaration shall be considered as true ; and, on such default, and also when the action is on trial maintained, the justice shall enter judgment for such sum, not exceeding twenty dollars, as he shall find due to the plaintiff, with costs, and issue execution.

By § 2 of c. 115, R. S., 1841, as amended, in case of a default in the District Court, or Supreme Judicial Court, at the first term, if the defendant shall appear in Court in person, or by attorney, at any time before the jury are dismissed, and pay to the plaintiff such costs as the Court shall order, the default shall be taken off. This provision does not, however, apply to justices of the peace.

The statute does not designate the time that must elapse before a justice of the peace may issue an execution on a judgment rendered on trial or default, as is the case in the higher courts by c. 115, § 102, stat. of 1841, and c. 82, § 112, of 1857.

But, inasmuch as twenty-four hours, not including Sundays, are allowed for a party aggrieved to enter his appeal, it has been deemed inconsistent for a' justice to issue an execution on a judgment rendered by him, while the right of appeal exists.

The issuing of an execution, or entering an appeal, is a merely ministerial act, and may be done out of term time or 'after the justice has adjourned his court. *Briggs* v. *Wardwell*, 10 Mass., 356.

In the case of *Martin* v. *Fales*, 18 Maine, 23, SHEPLEY, J., in giving the opinion of the Court, uses the following language;—"If the plaintiff shall fail to prosecute his suit, the justice is to award to the party sued his costs. And, if the defendant neglects to appear, the charge in the declaration is to be taken to be true, and the justice is to give judgment against him. The justice is not authorized to perform any other duty in the case, than to grant the writ and issue the subpœnas, at a different time than that set for the trial, either originally or by adjournment."

The failure of a justice to appear within a reasonable time after the appointed hour, or the failure of the plaintiff to appear and prosecute his action, or the continuance of an action of a justice at a time when he is not present, or before the day for trial arrives, will operate as a discontinuance. *Spencer* v. *Perry*, 17 Maine, 413 ; *McCarty* v. *Mc-*

*Pherson*, 9 Johnson, 407 ; *Sprague* v. *Shea*, 9 Johns., 140.

To take off the default, which had been duly entered on the return day, at a day subsequent, in a case where there had been no continuance of the action, would be the same in its practical effect, as to enter the action on the day the default was taken off, instead of the day on which the writ was returnable. There can be found no authority for such practice. The justice, to maintain his jurisdiction for any purpose, except such as are merely ministerial, must act either on the return day or on some day to which the action has been legally continued, otherwise his action will be *coram non judice*.

Nor will the consent of parties give him jurisdiction. *State* v. *Bonney*, 34 Maine, 223 ; *Montgomery* v. *Anderson*, 21 How. U. S. R., 386.

The excluded testimony was therefore material and should have been admitted. *Exceptions sustained, and a*
*New trial granted*

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.