### PATRICK O'BRIEN *vs.* J. H. POMROY & others.

#### August 19, 1875.

**Justice of Peace—Time for Pleading.**—The right to plead in an action in a justice's court must be exercised on the return day of the summons, or at such other time, within one week thereafter, as the justice may appoint, with the consent of parties.

**Same—Right to Answer Lost by Adjournment.**—When the complaint is filed on the return day of the summons, and the defendant, omitting to plead, consents to an adjournment beyond the week, his right to answer is gone, and the pleadings in such case are closed, within the meaning of Gen. St. ch. 65, § 34.

**Same—Power to Adjourn Cause after Pleadings are Closed.**—When the pleadings are closed the justice has the power of adjourning the cause, on plaintiff's application, and without defendant's consent, for a period not exceeding one week, and, if such application is supported by the requisite oath, to any time not exceeding thirty days. In the latter case no oath is necessary if the opposite party consents to the adjournment.

This was an action for a wrongful taking and detention of personal property, and was commenced in a justice's court. On the return day of the summons, January 15,

1874, the parties appeared before the justice, the plaintiff filed his complaint, and thereupon, by consent of parties, the cause was adjourned to January 23, at which time the parties again appeared, and defendants moved to dismiss for want of jurisdiction and for insufficiency of the complaint. These motions being denied, the defendants offered to file an answer, which, on plaintiff's objection, was refused by the justice, who proceeded to hear the evidence for plaintiff, and rendered judgment in his favor. On appeal this judgment was affirmed by the court of common pleas of Ramsey county, *Hall*, J., presiding, and from the judgment of the latter court the defendants appeal.

*James N. Granger*, for appellants.

*H. H. Finley*, for respondent.

CORNELL, J. In an action before a justice of the peace the right to plead must be exercised on the return day of the summons, or at such other time, not exceeding one week next thereafter, as may be appointed by the justice, with the consent of parties ; and when, as in this case, the complaint is filed at the proper time, and defendant, omitting to plead thereto, consents to an adjournment beyond the time limited for pleading, his right to answer is gone, (*Mattice* v. *Litcherding*, 14 Minn. 142,) and the pleadings are closed, within the meaning of Gen. St. ch. 65, § 34. When the pleadings are thus closed the justice, on the application of plaintiff, and without the consent of defendant, has the power of granting an adjournment for a period not exceeding one week ; and, if such application is supported by the required oath, to any time not exceeding thirty days, (§ 34,) and in the latter case no oath is required if defendant consents to the adjournment without it. The adjournment in this case was entirely regular. There is not such a want of evidence as warrants any interference with the judgment, by this court, on that ground.

Judgment affirmed.