FRANK ROBERT and another *vs.* J. J. BROOKS and another.

October 10, 1876.

Justice of the Peace—Waiver of Oath to Officer in Charge of Jury.—The oath to an officer, in whose charge a jury retire to consider of their verdict, in a trial before a justice of the peace, required by Gen. St. *c.* 65, § 56, may be waived by the parties, and is to be deemed waived if it is omitted, and the parties make no objection at the time.

The action was begun in a justice's court, where plaintiffs

had judgment. Defendants appealed, upon questions of law alone, to the district court for Ramsey county, where the judgment of the justice was affirmed, after a hearing before *Simons*, J., and the defendants appealed to this court.

*Morris Lamprey*, for appellants.

*Simonton & Reid*, for respondents.

GILFILLAN, C. J. There is but a single question in this case. The suit was commenced before a justice of the peace, and tried with a jury. After the evidence was in, and arguments of counsel, the jury retired under charge of an officer, without any oath having been administered to him for that purpose, and afterwards came in with a verdict for plaintiffs. Both parties appear to have been present, and no notice was taken, at the time the jury retired, of the omission to administer the oath to the officer; but, when the jury came in, the defendants objected to receiving the verdict because of such omission.

The statute (Gen. St. c. 65, § 56) requires that the officer shall be sworn in such cases. This requirement is not, however, a matter affecting the jurisdiction; it is a provision regulating the proceedings upon the trial after the jurisdiction has attached. Like all provisions not governing the jurisdiction, but only regulating the proceedings under the jurisdiction acquired, compliance with it may be waived by the parties. Their consent to waive it is presumed, unless compliance is insisted on at the time. By failing to make the objection at the time the jury retired, so that the justice could at once correct the omission, the defendants waived it.

Judgment affirmed.