## HUGH HAMILL vs. BOSWORTH & CHAMPLIN. ⌐

A Justice Court, by rendering final judgment in an action and adjourning, exhausts its jurisdiction over such action.

April 24, a Justice Court rendered judgment by default for the defendant, and adjourned. April 27, on motion of the plaintiff and against the protest of the defendant the default was taken off and the case continued. May 8, judgment was entered for the plaintiff. *Held*, that all proceedings after April 24 were *coram non judice* and void.

The refusal or neglect of a garnishee to answer written interrogatories filed under Gen. Stat. R. I. cap. 197, § 12, after he has rendered "the account in writing under oath, required by § 10 of the same chapter," does not make him liable to satisfy the plaintiff's judgment.

*Falk* v. *Flint, ante,* page 14, affirmed.

EXCEPTIONS to the Court of Common Pleas.

*June* 24, 1878.   DURFEE, C. J.   Two of the rulings excepted
to were erroneous.   The court below ruled that a garnishee who
has made affidavit or rendered an account on oath as required by
Gen. Stat. R. I. cap. 197, § 10, is nevertheless liable to be sued
under § 18, if he neglects or refuses to answer the interrogatories
propounded to him under § 12.   The ruling was contrary to the
decision of this court in *Falk* v. *Flint, ante,* page 14.   The ex-
ception to the ruling must therefore be sustained.

The court below also made the following ruling.   The original
action in which the defendants were served as garnishees was
commenced in the Justice Court of the city of Providence, the
writ being returnable April 10, 1876.   The action was continued
to April 24, 1876.   On the 24th day of April the plaintiff was
called and judgment rendered for the defendant.   No motion
was made on that day to have the judgment or default taken off,
and the case was not continued.   On the 27th day of April the
Justice Court, on motion of the plaintiff and against the protest
of the defendant, took off the judgment and default and con-
tinued the case to May 8, and then rendered judgment for the
plaintiff for $38.39 and costs.   The present action is brought
against the defendants to charge them as garnishees under Gen.
Stat. R. I. cap. 197, § 18, for not satisfying this judgment.   The
defendants contend that the judgment is void, because when ren-
dered the court had ceased to have jurisdiction of the action.   This
was their contention in the court below, but the court below
ruled that the judgment was valid.   We think this ruling was
erroneous.   The Justice Court, having entered a final judgment
and adjourned, had no longer any jurisdiction of the action.
After that the action was *coram non judice.*   *State* v. *Hall,* 49
Me. 412; *Pratt* v. *Roberts,* 53 Me. 399; *Call* v. *Mitchell,* 39 Me.
465; *Martin* v. *Fales,* 18 Me. 23; *Wiest* v. *Critsinger,* 4 Johns.
Rep. 117. *Hubbard* v. *Spencer,* 15 Johns. Rep. 244; *Frazier*
v. *Griffie,* 8 Md. 50; *McCollum* v. *McClave,* 1 Hilt. 140.   The
reinstatement of the action was therefore illegal, and the judg-
ment subsequently rendered a nullity.   It follows of course that
no action will lie against the defendants for not satisfying it.

The exceptions are therefore sustained, the judgment of the

Court of Common Pleas reversed, and judgment entered in this court for the defendants for their costs.

*Exceptions sustained.*

*Dexter B. Potter*, for plaintiff.

*Bosworth & Champlin, pro se ipsis.*