## T. R. THOMPSON *vs.* ADAM KILLIAN.

### June 26, 1878.

**Justice's Court—Construction of Pleadings, on Appeal.**—A pleading in a justice's court will be upheld as sufficient on appeal, when no objection to it was taken in that court by the complaining party, who had an opportunity to make it, if, by any liberal and reasonable construction of its averments, it can be sustained.

**Same—Failure to File Reply.**—On the return-day of the summons, defendant filed an answer to a verified complaint, without any verification, in which a counterclaim was set up exceeding the amount of plaintiff's claim. He thereupon asked for an adjournment, which was granted by consent of plaintiff, no reply having been put in. On the adjourned day, defendant not appearing, judgment was rendered, upon proofs submitted, in favor of plaintiff, for the amount of his claim. *Held*, not error.

Appeal by defendant from a judgment of the district court for Winona county, *Mitchell*, J., presiding, affirming the judgment of a justice of the peace, from which the defendant had appealed on questions of law alone.

*J. E. Robinson*, for appellant.

*A. N. Bentley*, for respondent.

CORNELL, J.    Under the liberal rules governing the construction of pleadings and proceedings in justices' courts, especially when, as in this case, the adverse party appears and makes no objection, the oral complaint which was made and sworn to in this action, as the same is stated in substance in the docket entry, contained a sufficient statement of facts to constitute a cause of action. The facts, specifically alleged, fairly import an authority from defendant, as principal, to one

Latson, as his agent, to purchase of any farmer an indefinite quantity of feed for his (defendant's) horses, for such sum as the agent might agree upon, and to give an order therefor on his said principal to the seller; that, in pursuance of such authority, Latson bought a quantity of feed for ten dollars, and gave the written order accordingly, which was afterwards duly presented for payment and refused. The omission to state where the purchase was made, and what quantity was bought, was not a fatal defect, for it appears that the quantity, according to the price agreed upon by the agent, amounted in value to the sum of ten dollars; and it does not appear affirmatively that the transaction occurred at a time so remote as to bring it within the influence of the statute of limitations.

On the return-day of the summons, the defendant appeared and filed an unverified answer to the verified complaint, which contained both a general denial, and a counterclaim exceeding in amount the plaintiff's claim. He thereupon asked for an adjournment, which was granted without objection and by consent of plaintiff. On the adjourned day, defendant did not appear, and plaintiff thereupon proved his cause of action, and took judgment. It is now insisted by defendant that the counterclaim was admitted, because there was no reply, and as this exceeded the amount of plaintiff's claim, the judgment was erroneous.

Being unverified, the answer was a nullity, and must be so treated, unless the plaintiff, by some act, so recognized its validity as a pleading as to preclude him from raising the objection of want of verification. His omission to make such objection when it was filed, and his consent to an adjournment, did not, under the circumstances, amount to a waiver of his right of objection in respect to such defect. He was not called upon nor required to make it until some right was attempted to be asserted, by motion or otherwise, under the alleged answer as a pleading in the cause. Nothing of this kind was done or attempted by the defendant prior to the

adjournment. His request for an adjournment was not an act of that character, nor was plaintiff's consent thereto any implied recognition of the validity of the answer as a pleading, nor any admission that it created or tendered any issue, for an adjournment may, on the return-day of the summons, be properly had by consent, though no issue whatever is joined, and no answer is interposed. *O'Brien* v. *Pomroy*, 22 Minn. 130.

On the adjourned day, when the cause was tried, the defendant made no appearance whatever. In this regard the case is clearly distinguishable from *Taylor* v. *Bissell*, 1 Minn. 186 (225.) In that case, as appears from the opinion, not only was the trial contested by both parties upon the defective pleadings—the complaint being wholly without verification, and the answer improperly verified—without any objection on that account, but the defendant moved for judgment for the balance of his counterclaim, on the ground that it had been verified by his oath, and had not been denied by a reply. As the plaintiff did not resist this motion because of the imperfect verification of the answer, he may be said to have waived the defect, and to have consented to a determination of the motion on the pleadings, the same as though the answer had been properly verified. In the case at bar, as already stated, the defendant not only sought no benefit from his answer, by motion or otherwise, but wholly failed to put in any appearance at all at the trial; under these circumstances, the justice committed no error in disregarding the answer, and in giving judgment upon the proofs submitted by plaintiff.

Judgment affirmed.

GILFILLAN, C. J., *dissenting.* I think that within the decision in *Robert* v. *Brooks*, 23 Minn. 138, the plaintiff, by failing to object to the answer when it was filed, waived the irregularity of want of verification, and, after that, the answer could not be disregarded.