## J. W. TAYLOR v. EDWARD WALTHER.[1]

April 13, 1906.

Nos. 14,745—(125).

**Justice of the Peace.**

A justice of the peace has no power with respect to the time when pleadings shall take place, except such as the statutes confer. Under section 4977, G. S. 1894, the pleadings cannot take place before the time mentioned in the summons for the appearance of the parties.

**Same—Entry of Judgment.**

In this case defendant appeared and pleaded three days before the return day. There being no appearance for the defendant on the return day, the justice properly entered judgment for the plaintiff upon proof.

Appeal by defendant from an order of the municipal court of St. Paul, Finehout, J., affirming a judgment of a justice of the peace. Affirmed.

*Edwin Gribble,* for appellant.
*William T. Goddard,* for respondent.

JAGGARD, J.

According to the record in this case the summons in justice court, returnable on December 4, 1905, at nine o'clock a. m., was personally served. Three days before the date of the return the defendant's attorney appeared and answered orally and asked for one week's continuance. This was denied because the case had not been at that time called. On the return day the case was called, there was no appearance on the part of the defendant. Defendant was defaulted. On proof, judgment was entered in plaintiff's favor against the defendant in the proper sum. An appeal on questions of law alone was taken to the municipal court of St. Paul and the judgment affirmed.

The contention of appellant and defendant on this appeal is that parties cannot be compelled to plead in a justice court until the last day named in the summons, but may do so at any time before at their

[1] Reported in 107 N. W. 162.

own option, and that this was done in the case at bar. He further argues that

> The return day is set more for the benefit of the defendant than otherwise, so that he shall have sufficient notice of the claim against him, which shall not be less than six nor more than twenty days, and if he does not appear at that time or at any time within the notice, he may be nonsuited, unless a continuance of one week's further time is granted.

Section 4977, G. S. 1894, provides that

> The pleadings in justice's courts must take place at the time mentioned in the summons for the appearance of the parties, or at such time thereafter not exceeding one week as the justice may appoint, for the convenience of the parties, and by their consent.

Under this statute a justice of the peace has no power to permit the defendant to answer before the return day. He has no power except such as the statutes confer. Holgate v. Broome, 8 Minn. 209 (243); Mattice v. Litcherding, 14 Minn. 110 (142); O'Brien v. Pomroy, 22 Minn. 130. And see Halsey v. Whitlock, 3 N. J. L. 869; Nicholson v. Wright, 16 N. J. L. 232; Dittmar Powder v. Leon, 42 N. J. L. 540; Martin v. Fales, 18 Me. 23, 36 Am. Dec. 693.

The judgment was properly entered.

Order affirmed.