## DAVID JOHNSON *vs.* P. G. HAGBERG.

Submitted on briefs Jan. 19, 1892. Decided Jan. 25, 1892.

**Jurisdiction Conferred by Agreement.**—In an action in a justice's court, which, without pleadings, had by consent been adjourned from the 1st to the 10th, a written stipulation by the parties made on the 7th, and filed on the 9th, that the cause be adjourned from the 10th to the 14th, waives the objection that the justice lost jurisdiction by an adjournment for more than a week without pleadings.

**Irregularity without Prejudice Disregarded.**—The irregularity, if it was one, of the justice entering the adjournment on the 9th, after the stipulation was filed, instead of waiting till the 10th, was without prejudice, and is to be disregarded.

Appeal by defendant from a judgment of the district court, Traverse county, *C. L. Brown,* J., entered August 5, 1891.

This action was replevin for 45 bushels of wheat, value, $39.60, commenced in justice court, March 24, 1891. The stipulation mentioned in the opinion was as follows:

" [Title.] The parties to this action hereby stipulate and agree that this action be adjourned from April 10 to April 14, 1891, at two o'clock P. M., with consent to both parties to file their pleadings on said last-mentioned day. Dated April 7, 1891.

"T. F. O'HAIR, Plff.'s Atty.

"J. BOHMBACH, Deft.'s Atty."

*J. Bohmbach,* for appellant.

*T. F. O'Hair,* for respondent.

GILFILLAN, C. J. The action was commenced before a justice by process, returnable April 1, 1891. On the return-day the parties appeared, and, without making pleadings, the cause, by their consent,

was adjourned to April 10th. April 7th the parties made a written stipulation that the cause be adjourned from the 10th to the 14th. This was filed with the justice on the 9th, and he thereupon entered an adjournment to the 14th. On the 14th the parties appeared, and defendant moved to dismiss, on the ground that the justice had no jurisdiction. This was denied, and the plaintiff filed his complaint, and, the defendant not answering, proved his case, and judgment was entered in his favor. Defendant appealed, on questions of law alone, to the district court, where the judgment was affirmed. The adjournment of the cause without pleadings from the 1st to the 10th caused a discontinuance. 1878 G. S. ch. 65, § 23; *Holgate* v. *Broome*, 8 Minn. 243, (Gil. 209;) *Mattice* v. *Litcherding*, 14 Minn. 142, (Gil. 110.) But it is a rule of universal application that parties may, by consent, give jurisdiction over the person, and it follows as a consequence that, where there is any defect of jurisdiction, or it has ceased, the parties may waive the objection, and they do so when they take or consent to any step in the cause which assumes that the jurisdiction exists or continues. *Burt* v. *Bailey*, 21 Minn. 403. The stipulation of the parties had that effect. The objection that the justice entered the adjournment on the 9th, instead of waiting till the 10th, is, at best, purely technical. If it was an irregularity, no one was prejudiced by it. Defendant did not appear on the 10th, so that the justice would have made the entry on that day had he not made it on the 9th, and the consequence to the parties would have been the same.

Judgment affirmed.

(Opinion published 50 N. W. Rep. 1037.)