# QUAKER CREAMERY COMPANY v. J. A. CARLSON.[1]

December 26, 1913.

Nos. 18,313—(180).

**Objection to jurisdiction waived.**
1. Where defendant filed an answer after discontinuance of a justice court

[1] Reported in 144 N. W. 449.

action caused by adjournment, on plaintiff's motion on the return day, for more than one week (G. S. 1913, § 7522), he thereby waived objection to jurisdiction, though the answer was a nullity, so far as regards admission of proofs thereunder, because not filed within the time allowed by law; and on the adjourned day the justice properly denied defendant's motion to dismiss for lack of jurisdiction.

**Appeal and error — exception.**

2. Nor was it error to reject proofs under the answer; an exception, furthermore, being necessary to save this point for review.

Plaintiff appealed to the district court for Sibley county upon questions of law alone, from a judgment of $39.75, and costs, entered in justice court. The appeal was heard by Morrison, J., who ordered that the judgment be reversed. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Young & Quandt,* for appellant.
*George A. & C. H. MacKenzie,* for respondent.

PHILIP E. BROWN, J.

Plaintiff recovered judgment in justice court, which was reversed on defendant's appeal on questions of law alone, and plaintiff appealed from the judgment of the district court.

On March 4, 1913, the return day of the summons, the parties appeared and plaintiff filed complaint; whereupon defendant, without answering, demanded an adjournment for one week. Plaintiff moved for adjournment until March 13, and the court, over defendant's objection, granted the latter motion. The justice's return contained the following:

"On March 10th, 1913, a paper or document purporting or pretending to be an answer on the part of the defendant to the complaint in said action was received and placed with the summons, complaint

and other files in the action, and the same was acknowledged by a formal receipt to defendant's counsel in the following form:

"State of Minnesota, }
   "County of Sibley. }         In Justice Court,
                  Before C. C. Eaton, Justice.

"THE QUAKER CREAMERY COMPANY, a Corporation,
                                "Plaintiff,

        vs.

        "J. A. CARLSON,
                      "Defendant.

"The answer of the defendant received and filed in said action this 10th day of March, 1913.

        "C. C. Eaton, Justice of the Peace.

"But that no entry thereof was made in the docket at the time or any other time prior to the adjourned day; and not then because the court became advised and believes and still does believe that such pretended answer was improperly so received and placed and that it was beyond the jurisdiction of the court to receive and file the same on said March 10th, 1913."

On March 13 both parties appeared, and defendant moved for dismissal on the ground that the cause had been adjourned for over one week without his consent, and also because such was granted on plaintiff's motion without verified application. The motion was denied; whereupon plaintiff submitted its proofs and rested. Defendant then attempted to prove the allegations of his answer, but was not allowed to do so, the court sustaining plaintiff's objection, based on the ground that the filing of the answer on March 10 was improper and there was no answer in the case. Judgment was then entered for plaintiff.

If discontinuance resulted from the adjournment of more than one week on the return day (G. S. 1913, § 7522), such occurred when the order was made. Defendant, however, could, and did, waive this, and

recognized jurisdiction by filing his answer. As stated in Johnson v. Hagberg, 48 Minn. 221, 50 N. W. 1037, it is a rule of universal application that a party may, by consent, give jurisdiction over his person, and it follows as a consequence that, where there is any defect of jurisdiction, or it has ceased, he may waive the objection, and does so when he takes or consents to any step in the cause which assumes that jurisdiction exists or continues. Defendant's attempt to file an answer accords with retention of jurisdiction, and can be referred to no other theory. It was as unequivocal an assumption of continuation of jurisdiction as would be the filing of a written waiver. Hence the justice was right in refusing to grant defendant's motion to dismiss made March 13.

Was the answer effective for any other purpose? We cannot hold it was. This question is apart from both that of jurisdiction and of the right to file a pleading at a time not permitted by statute. An unverified answer in justice court is a nullity so far as regards admission of proofs thereunder against proper objection, but it would scarcely be claimed that if a defendant should cause one defective in this regard to be filed it would not constitute an appearance, and thus give the court jurisdiction where the summons had not been duly served, and this irrespective of the right to offer proofs under it. The same might also be said of an attempt to demur in justice court.

Where parties appear on the return day, and on plaintiff's application hearing is adjourned for one week, answer may be filed on the day to which hearing is adjourned. Nohre v. Wright, 98 Minn. 477, 108 N. W. 865, 8 Ann. Cas. 1071. The theory is that plaintiff's motion amounts to consent to the filing of the pleading on the adjourned day, and the action of the justice in granting adjournment appoints, by implication, the time, within the limitation of the statute cited, within which answer may be filed. But the difficulty here arises in spelling out any agreement in this regard. Defendant's first act on March 13 was to move to dismiss on the ground that the case had been adjourned for more than one week without his consent. Moreover, on the return day defendant's request was for adjournment for one week, and it was against his objection that the justice allowed nine days, thus taking the time for pleading beyond the statutory limit.

Without consent, an answer cannot be filed more than one week after return day. See cases cited to the statute. Neither can a pleading be filed so as to bind the opposite party without his consent at times not specified by statute. Taylor v. Walther, 97 Minn. 490, 107 N. W. 162. Furthermore, defendant took no exception to the court's ruling refusing to permit him to offer proofs. Such was necessary in order to save the point for review on his appeal. Franek v. Vaughan, 81 Minn. 236, 83 N. W. 982.

Neither party is entitled to favorable consideration. Each attempted to prevent judicial investigation of the merits of the controversy, and to gain technical advantage. Each invoked strict rules against the other and neither had just right to complain of the result. If defendant has affirmative claims against plaintiff, as alleged in his answer, the result does not prevent him from asserting them in another action.

Judgment reversed with directions to enter judgment for plaintiff. No statutory costs will be allowed in this court.