**Michael J. HELGESON, et al.,**
**Respondents,**

v.

**Robert V. GISSELBECK, Appellant.**

**No. C1-85-768.**

Court of Appeals of Minnesota.

Oct. 29, 1985.

Review Denied Dec. 19, 1985.

Gerald W. Von Korff, Rinke, Noonan, Grote & Smoley, St. Cloud, for respondents.

Frederick L. Grunke, Donohue, Rajkowski, Hansmeier, Grunke & Jovanovich, Ltd., St. Cloud, for appellant.

Heard, considered and decided by WOZ-NIAK, P.J., and PARKER and LESLIE, JJ.

## OPINION

PARKER, Judge.

Respondents, Michael and Karel Helgeson, commenced this collateral action in district court seeking judgment for three-fifteenths (³/₁₅s) of a condemnation award from appellant Gisselbeck; the claim is founded upon a condemnation clause in a lease of property previously taken in condemnation by the Housing & Redevelopment Authority of St. Cloud, Minnesota (HRA). Gisselbeck denies the claim on the ground that it is barred by the final judgment in the condemnation proceeding. The trial court held that the prior condemnation action did not bar this action, and granted summary judgment against Gisselbeck for the full amount claimed under the lease provision. This appeal is taken from the judgment entered in the collateral action. We reverse.

## FACTS

Appellant lessee (Gisselbeck) and respondent lessors (Helgesons) were successors in interest to a land lease.

The lease contemplated that Gisselbeck would construct a building financed by a mortgage and assign the lease to a third party. The lease had an initial fifteen-year term, with three additional five-year option terms. At the end of the lease, title to the land and the building was to vest in the Helgesons. After the execution of the lease, Gisselbeck entered into a sublease with Montgomery Wards, which occupied the building. Gisselbeck alleges that at the time of the taking he had a one-half undivided interest in the building, and Warren Dahl had the other one-half undivided interest. Dahl is not a party to this action.

The lease contained a clause governing apportionment of any monies received in the event of condemnation. Under this clause, the Helgesons would receive all monies awarded with respect to the land. During the first fifteen years of the lease, Gisselbeck would receive all the monies awarded with respect to the building. However, if a condemnation occurred after the end of fifteen years the Helgesons were to receive a specified portion of the amount awarded to the lessee as damages attributable to the building.

The commissioners issued their report as follows:

For the taking thereof and all interest therein we award $300,000.00, and no more, for said lands considered as an entirety, said award being an award in gross and as full compensation for the respective interest of all parties named in these proceedings and claiming any right, title or interest in and to said lands. Said foregoing award in the amount of $300,000.00 is apportioned to the persons hereinafter named as follows:

| Name | Nature of Interest | Award |
| --- | --- | --- |
| Michael J. and Karel Helgeson ' | Fee Owner of Land | $105,000 |
| Montgomery Ward & Co., Inc. | Lessee | $56,000 |
| Robert V. Gisselbeck and Warren Dahl | Lessor/Owner of Bldg. | $139,000 |
| Stearns County | Real Estate Taxes | second half-1985 |

The commissioners did not hear any evidence upon or make any attempt to apply the condemnation clause. Montgomery Wards, Gisselbeck and Dahl appealed to the district court. The Helgesons did not appeal. The HRA deposited the entire

award with the Clerk of Court. The court denied a motion by the Helgesons requesting disbursement of their share of the award saying that, "[b]ecause the other parties have appealed both the total award and the apportionment, the award to [the Helgesons] is necessarily in controversy." Subsequently, the appeals were dismissed and the court issued its final order directing payment of the awards in accordance with the commissioners' report.

After the conclusion of the condemnation proceedings, the Helgesons commenced this separate action to enforce the condemnation clause in the parties' lease.

## ISSUE

Does a final judgment in a condemnation proceeding apportioning an award between a lessor and lessee bar a collateral suit by the lessor to enforce a condemnation clause in the lease?

## DISCUSSION

█ The principles of res judicata have been consistently stated and applied in Minnesota for over 100 years. *Mattsen v. Packman*, 358 N.W.2d 48, 49 (Minn.1984). Indeed, the statement of the principle has remained unchanged:

A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and *is conclusive* between parties and privies, not only as to every other matter which was actually litigated, but also *as to every matter which might have been litigated therein.*

*Id.* (emphasis supplied).

Both the Helgesons and Gisselbeck were parties to the condemnation proceeding. The district court's final order directing payment of the condemnation awards in accordance with the commissioner's report and apportionment of damages amounted to a final judgment. *See City of Maplewood v. Kavanagh*, 333 N.W.2d 857 (Minn. 1983). This subsequent action on the lease was held not to be barred as a collateral attack on the final judgment because "by statute the [condemnation] commissioners,

and the district court on appeal, are limited to determining the award of damages in a condemnation proceeding and cannot determine the respective interests of the various claimants." Thus, the trial court concluded that enforcement of the condemnation clause was beyond the scope of the condemnation proceeding.

█ However, nothing in the current eminent domain statute precludes the commissioners, or the district court on appeal, from apportioning an award according to a condemnation clause in the parties' lease. *See* Minn.Stat. ch. 117 (1984). The statute broadly provides:

[The commissioners] shall make a separate assessment and award of the damages which in their judgment will result to each of the *owners* of the land by reason of such *taking* and report the same to the court.

Minn.Stat. § 117.085 (1984) (emphasis supplied). "Taking" is defined as *"every interference,* under the right of eminent domain, with the possession, enjoyment or *value* of private property." Minn.Stat. § 117.025, subd. 2 (emphasis supplied). "Owner" includes "all persons interested in such property as proprietors, *tenants,* life estate holders, encumbrancers, or otherwise." Minn.Stat. § 117.025, subd. 3 (emphasis supplied).

█ In concluding that the commissioners did not have the authority to consider the condemnation clause in this case, the trial court cited *State v. Rust*, 256 Minn. 246, 98 N.W.2d 271 (1959) for the proposition that the commissioners are limited to determining the award of damages and cannot determine the respective interests of the various claimants. This reliance, however, was somewhat misplaced.

The competing interests in *Rust* were not those of landlord and tenant, but rather those of record owner and equitable owner of the fee under a contract for deed. Admittedly, eminent domain proceedings were never intended to resolve questions of title; the sole issue is the amount of damages to be awarded. *Id.* Thus, condemnation pro-

ceedings have not barred subsequent litigation between persons who each claim to be owners of the same property interest and entitled to the damages awarded. *Eyre v. City of Faribault*, 121 Minn. 233, 141 N.W. 170 (1913). In this case, however, title is not in issue. The only issue is apportionment of damages between a landlord and tenant; the lease provision is necessarily relevant to this determination.

Moreover, less than two years after the decision in *Rust*, the supreme court noted that commissioners have the statutory authority to apportion awards between different owners so that claims might be settled in a single proceeding:

"[The Legislature] intended that the report of the Commissioners should show separately the amount of compensation to reimburse the owner and tenant or lessee for damage to their respective interests in the property taken. *By allocating the separate amounts of compensation, subsequent litigation between the owner of the property and those having a lesser interest may be obviated.*"

*State v. Frisby*, 260 Minn. 70, 75, 108 N.W.2d 769, 772 (1961) (emphasis supplied). As to this case, *Frisby* suggests that the commissioners had the authority to consider the damage to the parties' respective interests to prevent subsequent suits. This concern was not addressed in *Rust*.

To ascertain the parties' respective interests, the construction of applicable lease provisions is not only relevant but critical. The rights and interests of the owner of the fee and the holder of the leasehold interest are defined by the lease in force between them. Recourse to the terms of that instrument is, therefore, essential to ascertain the extent of the estates of the landlord and tenant.

*State v. Robinson*, 266 Minn. 166, 181, 123 N.W.2d 812, 823 (1963) (quoting *People ex rel. United States Rubber Co. v. Knapp*, 232 N.Y. 153, 158, 133 N.E. 429, 431 (1921)). In this case, the commissioners must have considered the lease because the award accurately describes the respective interests of the parties. The effect of the condemnation provision contained in the lease was thus a matter which might have been litigated before the commissioners.

The Helgesons' failure to assert the condemnation clause before the commissioners is not, by itself, fatal to this claim. Dissatisfied parties to a condemnation proceeding may appeal to the district court from "any award of damages embraced in the report" or "from any omission to award damages." Minn.Stat. § 117.145. The district court is authorized to "reassess the damages de novo and apportion the same as evidence and justice may require." Minn.Stat. § 117.175, subd. 1. The district court would have had jurisdiction under the statute to consider this issue de novo. *See County of Hennepin v. Holt*, 296 Minn. 164, 207 N.W.2d 723 (1973) and *State v. LaBarre*, 255 Minn. 309, 96 N.W.2d 642 (1959) (in which one of the issues raised on appeal was the proper interpretation and application of a condemnation clause). While the other parties involved in the condemnation proceeding appealed the commissioners' report under Minn.Stat. § 117.-145, the Helgesons' failure to do so essentially amounts to an acceptance of the award.

## DECISION

The trial court's decision would allow a second and collateral suit; such duplication of remedy would undermine both the statutory scheme of Minn.Stat. ch. 117 and the goal of conserving judicial resources.

A final judgment in a condemnation proceeding apportioning the award between a lessor and lessee bars a collateral action to enforce a condemnation clause in the lease.

Reversed.

LESLIE, Judge, dissenting.

I respectfully dissent. I would hold that the prior condemnation action did not bar this independent cause of action by respondents to recover $3/15$'s of the condemnation award to Gisselbeck and Dahl to which they are clearly entitled under the lease.

I see no reason to be concerned about conserving judicial resources where Gisselbeck and Dahl would be unjustly enriched if the trial court had held otherwise. This was an appropriate case for summary judgment and I would affirm.