COUNTY OF DAKOTA (C.P. 42–
37), Petitioner, Appellant,

v.

LYNDALE TERMINAL, et al., Aurora
Village, Parcel 3(72), Respondents.

No. CX–93–1592.

Supreme Court of Minnesota.

April 14, 1995.

Rehearing Denied May 23, 1995.

James C. Backstrom, Dakota County Atty.; Kenneth A. Malvey, Asst. County Atty., Hastings, for appellant.

Josiah E. Brill, Jr., Siegel, Brill, Greupner & Duffy, P.A., Minneapolis, for respondents.

Heard, considered, and decided by the court en banc.

## OPINION

KEITH, Chief Justice.

The narrow issue presented in this appeal is whether Minnesota Statutes section 117.145 requires a party who appeals a condemnation commissioners' award to mail notice of the appeal to persons who record interests after the initial filing of the condemnation petition, and if so, whether a failure to do so deprives the district court of subject matter jurisdiction over the appeal. We hold that persons who record interests after the filing of the condemnation petition are not "parties of record" entitled to notice of appeal. We therefore reverse and remand for consideration of the originally filed appeal.

The facts of this case are undisputed. On or about May 9, 1989, appellant Dakota County (the "County") filed a condemnation petition to acquire a portion of respondent's ("Aurora's") property for the improvement of County Road 42 in Burnsville, Minnesota. Pursuant to the "quick-take" provisions of the condemnation statute, the district court transferred title of the condemned parcel to the County on July 26, 1989. Hearings were held before court-appointed condemnation commissioners who, on May 18, 1992, issued an award for damages of $261,564.

The County appealed and Aurora cross-appealed the commissioners' award to the district court, each mailing notice of appeal to the other within 40 days of the filing of the commissioners' award as required by Minnesota Statutes section 117.145. Neither Aurora nor the County, however, mailed notice of appeal to three retail store lessees who recorded interests in the property after the initial filing of the condemnation petition by the County but prior to the hearing by the condemnation commissioners. These lessees

had not appeared as parties at the commissioners' hearing. In addition, Minnegasco, Inc. and the City of Burnsville recorded interests in the property prior to the filing of the condemnation petition but were not mailed notice of the appeal by the County or Aurora.[1] On May 18, 1993, the district court entered an order awarding damages of $136,-000 based on a special verdict by a jury.

Aurora appealed this decision to the Minnesota Court of Appeals. With this appeal pending, the court of appeals rendered its decision in *Indep. Sch. Dist. No. 194, Lakeville v. Tollefson Dev., Inc.,* 506 N.W.2d 346 (Minn.App.1993), *pet. for rev. denied* (Minn., Nov. 16, 1993), holding that the district court does not acquire jurisdiction over an attempted appeal from the award of the condemnation commissioners absent compliance with Minnesota Statutes section 117.145. Based on the ruling in *Tollefson,* Aurora filed a motion in the court of appeals to remand the case with instructions to vacate the district court judgment and to enter judgment on the commissioners' award. Concluding that the parties did not comply with the notice requirement of section 117.145, the court of appeals filed an order on December 22, 1993, vacating the judgment based on the jury verdict, entering judgment based on the commissioners' award, and dismissing the appeal. The County now seeks review of the court of appeals' decision.

### I.

Minnesota Statutes section 117.145 provides:

At any time within 40 days from the date that the [commissioners'] report has been filed, any party to the proceedings may appeal to the district court from any award of damages embraced in the report, or from any omission to award damages, by *filing with the court administrator a notice of such appeal and mailing a copy of such notice to all parties of record having an interest in lands described in the appeal.* Within ten days of the date of mailing any other party may appeal. The

notice shall specify the particular award or failure to award appealed from, the nature and amount of the claim, the land to which it relates, and grounds of the appeal, and if applicable, the notice required in section 117.086.

Minn.Stat. § 117.145 (1994) (emphasis added).

Whether section 117.145 requires an appealing party to mail notice of appeal to persons recording interests after the filing of the condemnation petition depends on whether these persons are "parties of record" within the meaning of the statute. In construing a statute, the objective is to ascertain and effectuate the legislature's intent. *Tuma v. Comm'r of Economic Sec.,* 386 N.W.2d 702, 706 (Minn.1986). Where the words of a statute are clear and unambiguous, however, the court may not construe or interpret the statute's language; we must give effect to the plain meaning of the statute. *Id.*

The first step, then, is to consider the plain meaning of the words. Minnesota Statutes section 117.055, which governs the content of the initial petition and notice of the taking, requires that the petition contain a list of the names of "persons appearing of record." Minn.Stat. § 117.055 (1994). Section 117.145 provides that "any party to the proceedings" may appeal, and notice of appeal must be mailed to "all parties of record." Significantly, the legislature uses the word "persons" in section 117.055, which applies prior to the initiation of the proceeding, but uses "parties" in reference to the appeal requirements, which apply after the petition has been filed. This critical distinction comports with common experience, which tells us a "party" is one who is a participant in a legal proceeding as opposed to a nonparty or person who is not. In light of the legislature's choice of words, we conclude that "persons appearing of record" in section 117.055 refers to those individuals or entities that appear on the deed record, and "parties of record" in section 117.145 refers to those individuals or entities that are named in the

---

1. The City of Burnsville's interest was as the taxing authority, and Minnegasco, Inc. held a gas    line easement.

condemnation petition and have been served with process.

■ Applying these principles to the present case, we hold that the three retail store lessees who recorded interests in the subject property after the filing of the condemnation petition were not "parties of record" entitled to notice of appeal under section 117.145. Thus, we find no defect in the appeal from the commissioners' award in regard to these lessees.[2]

■ Additionally, although Aurora asserts defective notice in regard to two additional entities that had pre-petition recorded interests, Aurora has waived its right to assert this claim of defective notice of appeal by participating and taking action in the appeal without objection. *See, e.g., State by Lord v. Rust,* 256 Minn. 246, 257, 98 N.W.2d 271, 279 (1959). In the present case, Aurora cross-appealed the commissioners' award and fully participated in the appeal but did not raise the issue of the Minnegasco, Inc. and the City of Burnsville interests until it submitted its brief to this court. We conclude that, under these circumstances, Aurora has waived its right to assert a claim of defective notice of appeal in regard to these entities.

## II.

Because the lessees who recorded interests after the filing of the condemnation petition were not "parties of record" entitled to notice of appeal under Minnesota Statutes section 117.145, and because Aurora has waived its right to claim defective notice in regard to Minnegasco, Inc. and the City of Burnsville, we do not reach the issue of whether the district court obtained jurisdiction over the appeal.

Reversed and remanded for consideration of the originally filed appeal.

---

2. Parties who record interests after the filing of the petition are not left without a remedy, however. Under section 117.175, the court may "require other parties to be joined and to plead therein when necessary for the proper determination of the questions involved." Minn.Stat. § 117.175 (1994). This provision permits the court to join those persons who do not appear on the deed record at the initial filing of the petition but who later acquire and record interests.