**MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY, Respondent,**

**v.**

**GOLDEN SPIKE, INC., Appellant.**

**No. C5–94–84.**

Court of Appeals of Minnesota.

Aug. 22, 1995.

Review Denied Oct. 18, 1995.

---

Wayne G. Popham, Steven Andrew Kaye, Minneapolis, for respondent.

John A. Warchol, Robert J. Hajek, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and NORTON and SCHUMACHER, JJ.

## OPINION

NORTON, Judge.

Appellant contends the district court lacked subject matter jurisdiction to hear this case because appellant and respondent had failed to give proper notice of appeal from the commissioner's award to all interested parties. The parties on appeal are the only remaining interested parties of record in this case. We affirm.

## FACTS

In December 1988, respondent Minneapolis Community Development Agency (MCDA) brought an action in eminent domain to quick-take possession of a city block located in downtown Minneapolis. Appellant Golden Spike, Inc., leased space in one of the buildings located on that block. Although the Golden Spike was originally intended to be an adult dance business, it closed, and the space remained empty from approximately June through December 1988. The owners of Golden Spike, Dennis Buchanan and Robert Bonynge, also owned and operated "Broadway Visuals, Inc.," an adult entertainment store located two blocks from the Golden Spike.

Shortly after receiving notice of the motion for quick-take and condemnation, Golden Spike's owners transferred the gay/lesbian book selection from Broadway Visuals to the Golden Spike location. The Golden Spike then operated as a gay/lesbian adult bookstore for approximately 75 days, until MCDA acquired possession of the property. The Golden Spike then returned the merchandise to the Broadway Visuals store. In June 1991, Golden Spike brought a claim for the loss of a going concern in the amount of $1,300,000 as a result of the condemnation that allegedly forced the adult bookstore to find a new location.

MCDA moved for summary judgment arguing that the district court had not yet decided whether Golden Spike actually had a "going concern" to lose. The court denied summary judgment and ordered the court-appointed commissioners to evaluate Golden Spike's claim for damages. The commissioners awarded Golden Spike $125,000 for its loss of a going concern. Both MCDA and Golden Spike filed notice in district court for de novo review of the commissioners' award. Both parties notified and served only each other; neither party served any of the other former occupants of the property that MCDA had condemned and taken.

MCDA moved the district court to reconsider its decision to refer the damages issue to the commissioners; MCDA based its motion on its continuing objection that neither the commissioners nor the district court could accurately assess the amount of damages to Golden Spike before first conducting an evidentiary hearing to determine whether or not there actually was a "loss of a going concern." The district court determined that

the prior order for the commissioners' hearing and the resulting damage award had been premature; the court ordered an evidentiary hearing.

Golden Spike then moved to dismiss based upon the district court's lack of subject matter jurisdiction, alleging that neither party had properly served notice upon all interested parties when they sought de novo review of the commissioners' award. When the district court denied the motion, Golden Spike appealed.

### ISSUE

Did the district court err when it determined that the parties had complied with Minn.Stat. § 117.145 in seeking de novo review of the commissioners' award?

### ANALYSIS

■ A party may receive de novo review of the condemnation commissioners' award

by filing with the court administrator a notice of such appeal and mailing a copy of such notice to *all parties of record having an interest in lands described* in the appeal.

Minn.Stat. § 117.145 (1992) (emphasis added). That statute requires service of notice

on *all* parties with any recorded interest in the condemned property; not merely those whose interest may be adversely affected by the appeal.

*Independent Sch. Dist. No. 194 v. Tollefson Dev., Inc.,* 506 N.W.2d 346, 348 (Minn.App. 1993), *pet. for rev. denied* (Minn. Nov. 16, 1993). Golden Spike interprets this statute to require both parties to send notice of de novo review to *all* 34 prior tenants or owners of the property taken by eminent domain. We disagree.

A "party" under section 117.145 is "one who is a participant in a legal proceeding as opposed to a nonparty or person who is not." *County of Dakota v. Lyndale Terminal,* 529 N.W.2d 672, 674–75 (Minn.1995) (retail store lessees, who recorded their interests in condemned property after condemnation petition had been filed, were not "parties of record" entitled to notice of appeal).

"[P]arties of record" in section 117.045 refers to those individuals or entities that are named in the condemnation petition and have been served with process. *Id.*

Although all the other prior tenants and owners may have been "parties of record" by virtue of the fact that they were named in the condemnation proceeding, none of them, except Golden Spike, have an interest in the land any longer. *See* Minn.Stat. § 117.145 (requiring notice to parties with interest in land). MCDA presented proof to the district court that it had settled all claims with other parties and that those parties, before it had filed and served its notice of appeal to the district court, had surrendered any interest they had in the land described in the appeal. The record contains the settlement agreements which the last two claimants, Demos Realty and Abbay Company, had signed on March 4 and 9, 1993, respectively. Thus, at the time MCDA filed and served notice of appeal, Golden Spike was the only party of record who still had "an interest in lands described in the appeal." *Id.*

This fact distinguishes this case from *Lyndale Terminal,* 529 N.W.2d at 675, *Tollefson,* 506 N.W.2d at 348, and *Judd v. State by Humphrey,* 488 N.W.2d 843, 844–45 (Minn. App.1992). No other case on this issue has involved parties, as we have here, who have settled their claims and relinquished their interests in the property. *Cf. Lyndale Terminal,* 529 N.W.2d at 675 (parties who recorded interest after filing of condemnation petition were not entitled to notice); *Tollefson,* 506 N.W.2d at 348 (parties with protected interests in property, who would not be adversely affected by appeal, were entitled to notice); *Judd,* 488 N.W.2d at 844–45 (state, which obtained title to land via eminent domain, had an interest in the land and was entitled to notice).

We see no reason to invalidate the district court's subject matter jurisdiction in this case simply because the parties did not serve notice on those who no longer had any interest in the land, were no longer participating in the action, and could not have taken any action even if they had received notice of the appeal. Were we to grant Golden Spike

relief under these circumstances, we would be enforcing an exercise of futility.

A recent amendment to section 117.145 further supports our interpretation and application of its language here. Effective May 2, 1995, the statute now requires service of notice

> on all *respondents and all other* parties * * * *to the proceedings* having an interest in * * * *any parcel* described in the appeal *who are shown in the petitioner's affidavit of mailing, required by section 117.115, subdivision 2, as having been mailed a notice of the report of the commissioners.*

1995 Minn.Laws ch. 106, §§ 3, 4. This version omits "parties of record" and, instead, describes that the party must have an interest in the land and be part of the proceeding. *Id.,* § 3. This amendment also coincides with the court's language describing "parties" in *Lyndale Terminal,* 529 N.W.2d at 674–75. *Compare id.* ("party" participates in legal proceeding) *with* 1995 Minn.Laws ch. 106, § 3 (notice due to party to proceeding who has interest in land).

Thus, we conclude that the parties satisfied the statutory notice requirements when they sent notice of appeal only to themselves; they were the only interested parties of record remaining in this action. Because the parties satisfied the statutory notice requirements, no jurisdictional defect exists here. That determination obviates our discussion of whether or not Golden Spike waived its objection to jurisdiction.

## DECISION

Prior tenants and owners of the condemned property were not parties of record entitled to notice here because they had settled their claims, relinquished their rights to the property, and were no longer participating in the proceeding. MCDA and Golden spike were the only parties due notice of appeal in this condemnation action. The district court has subject matter jurisdiction to consider this case.

**Affirmed.**