In the Matter of CONDEMNATION BY the HOUSING & REDEVELOPMENT AUTHORITY IN AND FOR the CITY OF FRIDLEY, Minnesota, Petitioner, Appellant,

v.

**Shin Jae SUH, et al., Respondents.**

No. C6–96–924.

Court of Appeals of Minnesota.

Sept. 17, 1996.

Review Denied Nov. 20, 1996.

Scott M. Lepak, James D. Hoeft, Virgil C. Herrick, Barna, Guzy & Steffen, Ltd., City of Fridley HRA, Minneapolis, for Appellant.

Leland J. Frankman, Minneapolis, for Respondent Shin Jae Suh.

Considered and decided by KALITOWSKI, P.J., and LANSING and WILLIS, JJ.

## OPINION

LANSING, Judge.

This is an eminent domain proceeding in which the district court dismissed the condemnor's appeal from a Commissioners' award for lack of subject matter jurisdiction. Because we conclude that a fatal jurisdictional defect resulted from the condemnor's failure to give some of the parties who were named in the condemnation petition notice of the filing of the Commissioners' report and notice of the appeal from the award, we affirm.

## FACTS

The Fridley Housing and Redevelopment Authority (HRA) filed an eminent domain petition in January 1995 to acquire a parcel of land that was being used as a shopping center. An exhibit attached to the petition identified parties interested in the property, including the parcel's fee simple owner Shin Jae Suh, her husband Jai M. Suh, mortgagee Norwest Bank Minneapolis, and eleven tenants. The HRA served, or diligently attempted to serve, notice of its intent to take possession of the property on all parties named as respondents in the petition.

The district court, after determining that the HRA had demonstrated the requisite necessity and public purpose for the condemnation, appointed Commissioners to determine damages. Owner Shin Jae Suh participated in the Commissioners' proceedings, and one of the tenants, STS Temps, attended a preliminary hearing. None of the other tenants made appearances. Three tenants, Jang Wan Restaurant, Burger King, and Torchwood Management, Inc., told the HRA that they had an interest in the condemnation proceeds and later reached settlements with Shin Jae Suh for a share of the award.

The Commissioners filed their report on September 7, 1995, awarding $1,140,000 in damages. The HRA mailed notice of the filing of the report to Shin Jae Suh's attorney on September 14, 1995, but did not at that time mail notice to any of the respondents who were named in the original condemnation petition. On October 17, 1995, the HRA mailed notice of its appeal of the Commissioners' award to Shin Jae Suh, Jai M. Suh, Norwest Bank Minneapolis, and the Suhs' attorney. The HRA did not mail an appeal notice to any of the parties who were identified as tenants in the condemnation petition.

Shin Jae Suh moved to dismiss the appeal on the ground that the HRA's failure to give notice to some of the respondents who were named in the original petition deprived the district court of subject matter jurisdiction to review the Commissioners' award. The district court granted the motion and dismissed the HRA's appeal of the Commissioners' award. The HRA appeals from the district court's order for dismissal.

## ISSUES

I. Did the condemnor's failure to comply with the notice requirements of Minn.Stat. §§ 117.115, subd. 2, 117.145 (Supp.1995) deprive the district court of jurisdiction over the condemnor's appeal from the Commissioners' award?

II. Did the district court err in finding that the fee owner was not estopped from challenging the district court's jurisdiction?

## ANALYSIS

### I

█ The notice requirements for an appeal from a Commissioners' award are jurisdictional in nature. *State by Mattson v. Goins,* 286 Minn. 54, 57, 174 N.W.2d 231, 233 (1970). Noncompliance with the statutory prerequisites for an appeal deprives the district court of jurisdiction over the appeal. *Id.*

A proper appeal from a Commissioners' award requires:

(1) filing with the court administrator a notice of such appeal, and (2) serving by mail a copy of such notice on all respondents and all other parties to the proceedings having an interest in any parcel described in the appeal who are shown in the petitioner's affidavit of mailing, required by section 117.115, subdivision 2, as having been mailed a notice of the report of the commissioners.

Minn.Stat. § 117.145 (Supp.1995). Under section 117.115, subdivision 2, the condemning authority must first send notice of the filing of the Commissioners' report to "(1) each respondent listed in the petition as having an interest in any parcel described in the report; (2) each other party to the proceeding whose appearance has been noted by the court in its order approving the petition under section 117.075; and (3) each respondent's attorney." Minn.Stat. § 117.115, subd. 2 (Supp.1995).

An earlier version of the notice of appeal provision required that notice be given "to all parties of record having an interest in lands described in the appeal." Minn.Stat. § 117.145 (1994). The supreme court construed this provision as requiring an appealing party to serve a notice of appeal on "those individuals or entities that are named in the condemnation petition and have been served with process." *County of Dakota v. Lyndale Terminal,* 529 N.W.2d 672, 674–75 (Minn.1995). The supreme court decided *Lyndale Terminal* in April 1995, while legis-

lation to amend Minn.Stat. § 117.145 (1994) was pending in the legislature. This court subsequently suggested that the amending legislation supported the interpretation given in *Lyndale Terminal. Minneapolis Community Dev. Agency v. Golden Spike, Inc.,* 536 N.W.2d 30, 33 (Minn.App.1995) (applying Minn.Stat. § 117.145 (1994)), *review denied* (Minn. Oct. 18, 1995). In *Golden Spike* we also held that, under Minn.Stat. § 117.145 (1994), no jurisdictional defect resulted from a failure to serve a notice of appeal on parties who had settled their claims to the condemnation proceeds. *Id.* at 32.

█ Applying the reasoning of *Lyndale Terminal* and the plain language of the 1995 amendment, we conclude that the notice of appeal provision, 1995 Minn.Laws ch. 106, § 3 (codified at Minn.Stat. § 117.145 (Supp. 1995)), continues to require service of notice on individuals and entities who were named in the condemnation petition, who have not been dismissed as parties, and who have not settled their claims to the condemnation proceeds. *See* Minn.Stat. § 645.16 (1994) (absent ambiguity courts must follow plain language of statute).

The HRA argues that we should further extend the *Golden Spike* rationale and allow a party to appeal a Commissioners' award even though that party has not served a notice of appeal on respondents who were named in the condemnation petition and who have not settled their claims. Specifically, the HRA maintains that the provisions of Minn.Stat. § 117.145 (Supp.1995) should not mandate service of a notice of appeal on tenants who have entered into leases under terms that provide that the leases will terminate in the event of a public taking.

█ Generally, a tenant may receive no compensation for the loss of his interest in a lease if the lease provides that it will automatically terminate upon the condemnation of the leased property. *Naegele Outdoor Advertising Co. v. Village of Minnetonka,* 281 Minn. 492, 503, 162 N.W.2d 206, 214 (1968). In view of this general rule, the HRA contends that a tenant who enters into such a lease has no interest in the condemnation proceeds and should not be entitled to

receive a notice of appeal. We do not address the merits of this argument because the record contains only one tenant's lease and does not establish that the other nonsettling tenants had leases that automatically terminated their interests in the event of a public taking.

■ It is undisputed that the HRA failed to serve a notice of appeal on any of the tenants who were named as respondents in the condemnation petition, including several tenants who did not settle their claims with Shin Jae Suh or the HRA. The HRA also failed to serve notice of the filing of the Commissioners' report on any of the named respondents, including Shin Jae Suh. The notice requirements of Minn.Stat. §§ 117.145, 117.115, subd. 2 (Supp.1995) were not met, and the district court properly determined that it lacked jurisdiction to consider the HRA's appeal from the Commissioners' award.

## II

The HRA also argues that Shin Jae Suh's statements to the HRA should estop her from asserting that the HRA gave defective notice of its appeal from the Commissioners' award.

■ The failure of a party to comply with the statutory requirements for appealing a Commissioners' award to the district court deprives the court of jurisdiction to hear the appeal. *Goins,* 286 Minn. at 57, 174 N.W.2d at 233. A court must dismiss an action "[w]henever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Minn. R.Civ.P. 12.08(c). Under this rule the district court's obligation to dismiss the HRA's appeal because of defective notice is independent of any objection advanced by Shin Jae Suh. Her alleged misrepresentations would not relieve the court of its obligation to ascertain subject matter jurisdiction.

We recognize that in *Lyndale Terminal* the supreme court concluded that a party had "waived its right to assert [a] claim of defective notice of appeal." 529 N.W.2d at 675. In support of this statement, the court cited *State by Lord v. Rust,* 256 Minn. 246,

257, 98 N.W.2d 271, 279 (1959). One of the issues in *Rust* was whether the condemning authority had "waived its right to object to the sufficiency of [a contract for deed] vendee's notice of appeal." *Id.* at 251, 98 N.W.2d at 275. Although the court held that the notice of appeal was not defective, it also appeared to determine that the condemnor had waived its objection to the sufficiency of the notice of appeal. *Id.* at 257–58, 98 N.W.2d at 279. In its discussion of waiver, the court in *Rust* cited two cases: *Quaker Creamery Co. v. Carlson,* 124 Minn. 147, 144 N.W. 449 (1913) and *Johnson v. Hagberg,* 48 Minn. 221, 50 N.W. 1037 (1892). *Rust,* 256 Minn. at 257, 98 N.W.2d at 279. Neither *Quaker Creamery* nor *Johnson* involved subject matter jurisdiction. They involved waivers of personal jurisdiction. *Quaker Creamery,* 124 Minn. at 150, 144 N.W. at 449; *Johnson,* 48 Minn. at 222, 50 N.W. at 1038. Nonetheless, the supreme court's comments in *Lyndale Terminal* may have injected some doubt into its previous holdings that a defective notice of appeal from a Commissioners' award in a condemnation proceeding is still equivalent to a nonwaivable objection to a court's exercise of subject matter jurisdiction.

But even if a party could waive or be estopped from challenging subject matter jurisdiction, this record does not provide an adequate basis. For the HRA to prevail on its estoppel argument, it must prove that Shin Jae Suh represented facts with the intent or expectation that the HRA would act on the representations, that the HRA relied on the representations, that Shin Jae Suh knew the circumstances of the represented facts at the time of the conduct claimed to give rise to the estoppel, that the HRA did not have such knowledge, and that the HRA will sustain harm if estoppel does not apply. *Lunning v. Land O'Lakes,* 303 N.W.2d 452, 457 (Minn.1980).

The HRA claims that Shin Jae Suh stated during the condemnation proceedings that only she, and none of the other respondents who were named in the condemnation petition, had an interest in the subject property. Assuming that Shin Jae Suh did make such statements, the HRA has not established

that she did so with a knowledge that some of the tenants may actually have had a legal interest in the condemnation proceeds; that the HRA relied on Shin Jae Suh's representations when, despite the statutory requirement, it failed to provide the tenants notice of its appeal of the Commissioners' award; or that the HRA relied on her representations when, again despite the statute, it failed to serve notice of the filing of the Commissioners' report on any of the respondents, including owner Shin Jae Suh. The evidence does not satisfy the elements necessary to invoke the doctrine of estoppel.

## DECISION

The district court did not err in determining that Shin Jae Suh was not estopped from challenging the court's jurisdiction to consider the HRA's appeal from the Commissioners' award. Because the HRA failed to give all of the nonsettling parties who were named in the condemnation petition notice of the filing of the Commissioners' report and notice of the HRA's appeal, the district court properly dismissed the appeal for lack of subject matter jurisdiction.

**Affirmed.**